IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BROWN,

    Petitioner,                   No. 2:11-cv-00280 MCE KJN P

    vs.

V.S. CULLEN,

    Respondent.               FINDINGS AND RECOMMENDATIONS

                                /

        Petitioner is a state prisoner, proceeding without counsel and in forma pauperis, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered service of the petition on respondent on February 14, 2011, based on petitioner's reference to a California Supreme Court decision rendered January 12, 2011 (Dkt. No. 1 at 3). (Dkt. No. 4.) Presently pending before the court is respondent's motion to dismiss the petition. (Dkt. No. 11.) Plaintiff has filed an opposition, which he has entitled a "traverse." (Dkt. No. 13.) For the following reasons, the court recommends that respondent's motion to dismiss be granted.

BACKGROUND

        On September 15, 1995, after his conviction for robbery and attempted robbery, petitioner was sentenced to state prison for an indeterminate term of thirty-five years to life. (Lodged Document ("Ldgd. Doc.") No. 1 (Sacramento County Superior Court Case No.

1

95FO2537).) On October 17, 1997, the California Court of Appeal, Third Appellate District, affirmed the judgment. (Ldgd. Doc. No. 2.) On January 14, 1998, the California Supreme Court denied review. (Ldgd. Doc. Nos. 3-4.)

More than a decade later, on April 12, 2010, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court, alleging that the trial court erred in sentencing petitioner to the upper term for second degree robbery, and imposing additional terms for two enhancements. (Ldgd. Doc. No. 5.) The petition was denied on May 7, 2010. (Ldgd. Doc. No. 6). The superior court reached the merits of the petition, finding that it was "utterly meritless," and expressly stated that it therefore did need to address whether the petition was time-barred. (Ldgd. Doc. No. 6 at 2.) Petitioner sought reconsideration, which was denied on May 24, 2010. (Ldgd. Doc. Nos. 7-8.)

On May 24, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District (Ldgd. Doc. No. 9), which was denied on May 27, 2010, with a citation to In re Consiglio, 128 Cal. App. 4th 511 (2005) (addressing and rejecting the merits of petitioner's sentencing challenge) (Ldgd. Doc. No. 10).

On June 10, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was summarily denied on January 12, 2011. (Ldgd. Doc. Nos. 11-12.)

On January 19, 2011, petitioner filed the instant action.[1] (Dkt. No. 1.)

Respondent moves to dismiss petitioner's federal petition on the ground that it is time-barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

////

---

[1] Petitioner has been accorded the benefit of the "mailbox rule." See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (filing date is date of deposit in institution's internal mailing system); see also Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) ("[t]he mailbox rule applies to federal and state petitions alike").

LEGAL STANDARDS

AEDPA's one-year statute of limitations, set forth in 28 U.S.C. § 2244, applies to all federal habeas corpus petitions filed by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] The limitation period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Statutory tolling is not available for a state habeas petition that is "improperly filed" because untimely under California law. Lakey v. Hickman, 633 F.3d 782, 787 (9th Cir. 2011) (citing, inter alia, Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)). Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- [only] so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). However, "[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."[3] Id., (citation omitted).

---

[2] Although the statute provides other means for assessing the commencement of the limitation period, 28 U.S.C. § 2244(d)(1), none are pertinent here.

[3] The Ninth Circuit has articulated a "two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making "proper use of state court procedures," and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled." Banjo, 614 F. 3d at 968-

        Additionally, the limitation period may be equitably tolled if petitioner establishes that he diligently pursued his rights but some extraordinary circumstance stood in his way. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006) (citations and internal quotation marks omitted). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. . . . The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." <u>Lakey v. Hickman</u>, <u>supra</u>, 633 F.3d at 786 (citations and internal quotation marks omitted).

<u>DISCUSSION</u>

        In the present case, petitioner's conviction and sentence became "final" within the meaning of AEDPA on April 14, 1998. This date, ninety days after the California Supreme Court denied review on January 14, 1998, was the last day that petitioner could have sought certiorari in the United States Supreme Court. <u>See</u> Rule 13.1, Rules of the Supreme Court of the United States (petition for writ of certiorari to review a judgment entered by a state court of last resort or a United States court of appeals is timely if filed within 90 days after entry of the judgment). AEDPA's one-year limitations period commenced the following day, on April 15, 1998. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that Federal Rule of Civil Procedure 6(a) governs the calculation of AEDPA's statutory tolling period); Fed. R. Civ. P. 6(a) ("exclude the day of the event that triggers the period").

        Thus, absent statutory and/or equitable tolling, the last day on which petitioner could timely file a federal petition was April 14, 1999. Petitioner filed his federal habeas petition more than eleven years later, on January 31, 2011.

        Petitioner asserts no basis for equitable tolling, and the court finds that the limitations period was not statutorily tolled by plaintiff's state court actions. Because petitioner's

---

69 (citations and internal quotation marks omitted).

first state court petition was not filed within the year after his conviction and sentence became final, there was no statutory tolling.  Filing a state petition after the limitations period has ended does not restart Section 2244(d)'s one-year limitation period.  <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001) (once the AEDPA statute has run, a subsequent filing for post-conviction or collateral relief does not reset the running of the limitations period).  The fact that the state courts reached the merits of petitioner's claims does not alter the result herein.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (AEDPA's one-year limitation period applies notwithstanding Oregon's two-year limitation period for seeking state post-conviction relief).

Thus, expiration of AEDPA's limitations period in this action remains April 14, 1999.  Petitioner's instant federal habeas petition, filed January 31, 2011, is therefore untimely.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (Dkt. No. 11) be granted; and

2.  Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

////

////

////

1  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).
3  DATED: May 20, 2011

5  _____
6  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

7  brow0280.mtd.hc.